MARTORELL ET AL., PLAINTIFFS AND APPELLANTS, *v.* J. OCHOA & BROTHER ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action of Nullity and Ejectment.

No. 1498.—Decided July 27, 1918.

Decided on the grounds of the opinion delivered in Case No. 1499, *Martorell et al.* v. *J. Ochoa & Brother et al., ante.*

Messrs. *José* and *Manuel Tous Soto* for the appellants.
Messrs. *Bosch & Soto* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiffs from a judgment rendered in the above-entitled cause by the District Court of San Juan, Section 1, on December 22, 1915, dismissing the complaint without special imposition of costs.

The complaint prayed for judgment setting aside the sale

of the joint interests of the plaintiffs in the property described therein made by Rosa Torrens, as their representative, to Juan Roure Dalmau by a deed of March 5, 1897, and also the sale by Roure Dalmau of the said joint interests to J. Ochoa & Brother by a deed of May 29, 1903; canceling the consequent records of the same; holding that the said joint interests belong to the plaintiffs; ordering the defendants to return the same to the plaintiffs together with the rents and profits received and receivable, with an itemized and verified account thereof, and imposing the costs, disbursements and attorney fees upon the defendants.

The lower court made the following findings of fact:

(a) Each one of the plaintiffs owns one-ninth of one-half of the property described in the complaint, or two-nineteenths in fee simple, and a joint interest of one-eight of two-nineteenths in naked ownership.

(b) By a deed of March 5, 1897, executed before Notary Antonio Alvarez Nava, Rosa Torrens, as representative of the plaintiffs and as their mother with *patria potestas,* sold to Juan Roure Dalmau the joint interests referred to, with the authorization of the Cathedral Court of First Instance given in its order of February 25, 1897, at which time, as well as at the time when the authorization of the court was applied for and when the deed was executed, Rosa Torrens and her minor children resided and had their domicile in the municipality of Ciales.

(c) By a deed also executed before Notary Antonio Alvarez Nava on March 5, 1897, Juan Roure Dalmau mortgaged the property in question to the firm of J. Ochoa & Brother, and subsequently by a deed executed before Notary Jacinto Texidor on May 29, 1903, sold the property to the said firm, who knew that the sale to its vendor, Roure Dalmau, was authorized by the Cathedral Court of First Instance of San Juan.

(d) The defendant firm of J. Ochoa & Brother is in possession of the property under consideration and has been in pos-

session of it since the year 1903, receiving the rents and profits of the same.

(e) J. Ochoa & Brother carried on a correspondence with Rosa Torrens and with the Succession of Pedro Martorell, addressing their letters to the town of Ciales, their residence, and knew that Ciales was the fixed residence of the said Rosa Torrens and of her children when the court granted the authorization.

The defendants alleged as a special defense that the action was barred by limitation according to section 1858 of the Revised Civil Code, and by its judgment of December 22, 1915, the court dismissed the complaint on that ground.

After hearing and considering the appeal, this court, by its judgment of July 28, 1917, affirmed the judgment appealed from, whereupon the plaintiffs filed a motion for reconsideration, which was granted. The case was again submitted to us for review on briefs and argument of the attorney for the appellants and of Attorney Antonio F. Castro as *amicus curiæ*, and on the argument of the attorney for the appellees.

In considering whether or not there was sufficient title for the purposes of prescription we deemed it advisable, in the interest of justice, to review our decision of July 23, 1915, in the case of *Martorell et al.* v. *J. Ochoa & Brother et al.*, 23 P. R. R. 28, and after reconsidering that decision we have reached the conclusion that the deed executed by Juan Roure Dalmau to J. Ochoa & Brother on May 29, 1903, is not void, as contended, because the authorization given to Rosa Torrens by the Court of First Instance of the Cathedral District in its order of February 25, 1897, to sell the said property to Roure Dalmau, is not void.

That conclusion is supported by the same reasons that we advanced in the opinion which served as a basis for the decision of appeal No. 1499 handed down to-day, which we hereby ratify and make a part of this.

But even supposing that we should affirm our decision of July 23, 1915, in the same case and between the same parties

(23 P. R. R. 28), the judgment appealed from should be affirmed on the ground that the action was barred by limitation.

There is no doubt that J. Ochoa & Brother have been in possession of the said joint interests for more than ten years, which is the period of time applicable to this case, as the prescription involved is as to persons present.

The possession has been in good faith, which, according to section 437 of the Civil Code, is always presumed, and any person averring bad faith on the part of a possessor is bound to prove the same. Such bad faith, being a question of fact, should have been proved, but it was not; nor was it shown by the evidence that J. Ochoa & Brother knew that the public deed which gave them the title; that is, the deed executed to them by Juan Roure Dalmau, contained any defect which would invalidate it; and according to sections 436 and 1851 of the Civil Code, this is sufficient to show that their possession was in good faith. The good faith of a possessor, which, as we have said before, is always presumed, consists in his belief that the person from whom he received the thing was the owner of the same and could convey his title, according to section 1851 of the Civil Code. In considering what constitutes mere belief sufficient to establish good faith, it is not necessary to apply the strict principle of law as in a case where it is sought to determine the validity of the act, according to the judgment of the Supreme Court of Spain of October 2, 1908, 112 Civ. Jur. p. 39. The authorization of the sale by the Cathedral Court of First Instance corroborates the presumption of good faith on the part of the possessor.

In so far as regards the colorable title for acquisition by prescription, which in the present case is the deed executed by Juan Roure Dalmau in favor of J. Ochoa & Brother, even supposing that it could not have conveyed to the firm the ownership of the property sued for, yet inasmuch as the said deed, besides conforming to all the external requirements of law, constitutes in form a title conveying ownership, it is evident that it fulfils the requirements of sections 1853 and

1854 of the Revised Civil Code, because if it is required that the title relied on shall convey to the purchaser in fact and in law the ownership of the thing, there would be no need for him to set up the plea of prescription and this mode of acquisition, in so far as it relates to ordinary prescription, would be superfluous and would have to be eliminated from the methods of acquiring title under our laws as, unnecessary and useless. Judgment of the Supreme Court of Spain of January 30, 1910, 119 Civ. Jur. 486. See our opinion in Appeal No. 1499, *ante,* p. 625.

The judgment of the District Court of San Juan of December 22, 1915, should be affirmed and the complaint dismissed without special imposition of costs.

*Affirmed.*

Mr. Justice Aldrey concurred.

Justices del Toro and Hutchison concurred in the judgment, but without discussing the plea of prescription.

Mr. Justice Wolf dissented.